IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBIN M. BEEM**, )
)
    Plaintiff, )
)
V. ) Civil No. **07-654-GPM**
)
**COUNTY OF MADISON**, )
)
    Defendant. )

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel the defendant to respond to requests Nos. 4, 7 and 10 for production. **(Doc. 22)**. Defendant filed a response **(Doc. 24)**, and a teleconference was conducted June 25, 2008.

This action alleges that the plaintiff, an employee of the defendant county, was required to work in a sexually hostile environment, in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991. **(Doc. 2)**. More specifically, plaintiff alleges she was exposed to extreme, graphic and debasing computer/internet pornography contained in supervisor Jim Monday's office computer. **(*See* Docs. 2 and 22)**.

Request No. 4 seeks "[a]ny and all documents that reflect that defendant took prompt remedial measures upon receipt of any complaint of sexual harassment or pornography in the work place." Defendant objects that the request is overly broad, unduly burdensome, ambiguous, calls for speculation, calls for irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence, and is not limited in time.

Defendant has certified that all of the requested documents have been produced at this

1

juncture, and plaintiff voiced satisfaction during the hearing before the Court. Therefore, the dispute regarding Request No. 4 is considered moot.

Request No. 7 seeks "[a]ny and all documents that reflect that plaintiff reported use of pornography by one of defendant's employees to one or more of defendant's managers, supervisors, directors, administrators, [or] officers." Request No. 10 seeks copies (on computer disc) reflecting all of the pornographic images stored on the computer used by Jim Monday. Defendant has assured the Court that all documentation responsive to Request No. 7 has been produced at this juncture, except the images on Monday's computer. During the hearing, plaintiff drew a distinction between Requests No. 7 and No. 10, noting that the volumes of images from the Sheriff's investigation may or may not represent all of the pornographic images on Monday's computer.

Defendant objects that both requests are overly broad, unduly burdensome, ambiguous, calls for speculation, calls for irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence, and is not limited in time. Defendant asserts all responsive documents have been produced, except for copies of photographs taken off of Jim Monday's computer as part of a criminal investigation by the Madison County Sheriff's Office, which are in defendant's possession but which are not part of Monday's personnel file. Defendant argues that production of the images from the hard drive and the criminal investigation– without a protective order– would invade Monday's privacy. Defendant also contends the images are irrelevant and prejudicial, in that the volume and nature of all the images that would be produced would distort the nature and extent of plaintiff's workplace exposure. Defendant acknowledges the images from the criminal investigation are readily available for production, and arrangements

2

can be made relatively quickly to review and turn over the responsive materials on the hard drive.

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. **Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).**

The images on Jim Monday's computer are clearly relevant; they are the allegedly harassing environment and are *res gestae*. The nature of this case and the images involved (which is not disputed for purposes of this motion) is embarrassing to all involved. However, as the Court of Appeals for the Seventh Circuit stated in *Union Oil Company of California v. Leavell,* 220 F.3d 562 (7th Cir. 2000):

> [T]he tradition that litigation is open to the public is of very long standing. People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

*Id.* **at 567-568 (internal citations omitted).** The appellate court is undoubtedly guided by the centuries-old maxim that the public "has a right to every man's evidence." **See U.S. v. Bryan, 339 U.S. 323, 331 (1950)).** This case involves the operation of a government office, and the images were contained within a government computer, where there can be no expectation of privacy, particularly not when it is alleged that the images were already seen by the plaintiff and others. Furthermore, the defendant has no standing to assert Monday's right to privacy. *Cf. Wozniak v. Conroy*, **236 F.3d 888, 891 (7th Cir. 2001) (University professor had no standing**

**to assert alleged privacy interests of students in the professor's notes regarding the student's grades).** Therefore, defendant's objections to Requests Nos. 7 and 10, relative to both the volumes of images in the defendant's possession from the criminal investigation *and* Monday's computer hard drive, are overruled.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 22)** is **DENIED IN PART AND GRANTED IN PART**, in that the motion is moot with respect to Request for Production No. 4; and granted with respect to Requests Nos. 7 and 10, as detailed above.

**IT IS FURTHER ORDERED** that on or before **July 8, 2008**, the defendant shall comply with Requests Nos. 7 and 10 by: (1) providing plaintiff with copies of all of pornographic images from the criminal investigation that are in the defendant's custody and control; and (2) allowing plaintiff's counsel and a computer forensics specialist access to the hard drive of Jim Monday's work computer, so that all responsive images may be copied in electronic format for plaintiff's counsel.

**IT IS FURTHER ORDERED** that, after consultation with Judge Murphy, the deadline for filing dispositive motions is hereby extended to **July 11, 2008**. Judge Murphy will set response and reply deadlines and a hearing date by separate order. The parties are encouraged to file dispositive motions as soon as possible, and no further extensions will be granted.

**IT IS SO ORDERED.**

**DATED: June 25, 2008**

　　　　　　　　　　　　　　　　　　**s/ Clifford J. Proud**
　　　　　　　　　　　　　　　　　　**CLIFFORD J. PROUD**
　　　　　　　　　　　　　　　　　　**U. S. MAGISTRATE JUDGE**