IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN M. BEEM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-654-GPM |
| | ) |
| COUNTY OF MADISON, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on August 11, 2008, for a hearing on Defendant's motion for summary judgment and Plaintiff's motion for partial summary judgment. Because genuine issues of material fact exist on all but one issue, Plaintiff's motion is denied, and Defendant's motion is granted in part and denied in part.

Plaintiff Robin Beem worked for Defendant as a secretary to County Board Chairman Rudy Papa and Director of Administration James Monday. Alan Dunstan replaced Papa in December 2002, and Plaintiff continued to work for Dunstan and Monday. She filed this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, for sexual harassment that allegedly resulted from Monday viewing pornography in his office. The undisputed facts are clear from the record, and those that are disputed are detailed below. The other relevant players, for purposes of this Memorandum and Order, are Dennis Dubbelde, the County's Director of Purchasing, and Kristine Sillery, Manager of Personnel Services for the County.

The standard applied to summary judgment motions filed under Rule 56 is well-settled and

has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

Title VII's prohibition against sex discrimination in the terms and conditions of employment may be violated through sexual harassment that is either severe or pervasive enough to create an abusive working environment. *Jackson v. County of Racine*, 474 F.3d 493, 499 (7th Cir. 2007), *citing Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998). To establish a claim for hostile work environment sexual harassment, a plaintiff must show that (1) she was subjected to unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was severe and pervasive enough so as to alter the conditions of her environment and create a hostile or abusive work environment; and (4) there is a basis for employer liability. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Patt v. Family Health Sys., Inc.*, 280 F.3d 749, 754 (7th Cir. 2002). When assessing a hostile work environment claim, the Court must "look to all the surrounding circumstances, including the frequency of the harassing conduct, its severity, whether it was physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." *Patt*, 280 F.3d at 754, *citing*

*Russell v. Board of Trs. of the Univ. of Ill.*, 243 F.3d 336, 343 (7th Cir. 2001). Hostile and ignorant behavior not based on sex does not give rise to a Title VII claim. *See Oncale*, 523 U.S. at 81. As the Supreme Court explained in *Oncale*,

> Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat[ion] … because of … sex.' We have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations. 'The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'

523 U.S. at 80, *quoting Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring).

The Supreme Court considered the contours of employer liability under Title VII in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher*, 524 U.S. 775, which were issued the same day.

> The standard for employer liability turns on whether the alleged harasser was the plaintiff's supervisor, instead of a mere co-worker. Harassment by a supervisor of the plaintiff triggers strict liability, subject to the possibility of an affirmative defense in the event the plaintiff suffered no tangible employment action. Conversely, an employer may be found liable for a hostile work environment created by an employee who was not the plaintiff's supervisor only where the plaintiff proves that the employer has been negligent either in discovering or remedying the harassment.

*Rhodes v. Illinois Dep't of Transp.*, 359 F.3d 498, 505-06 (7th Cir. 2004) (internal citations and quotations omitted). In this case, Monday's alleged harassment of Plaintiff did not culminate in a tangible employment action, such as discharge, demotion, or undesirable reassignment. *See Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807-08. The affirmative defense allows an employer to defeat a plaintiff's case by showing: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably

failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765.

Trial is unavoidable in this matter. Monday was a habitual consumer of pornography while supposedly about the County's business and while using a County computer. But the question is whether Plaintiff was even a target of Monday's behavior and, therefore, whether this conduct could be considered sexual harassment. *See Yuknis v. First Student, Inc.*, 481 F.3d 552 (7th Cir. 2007). Plaintiff testified that she was exposed to both pornographic pictures and videos by virtue of sitting 20-30 feet from Monday's computer screen, which she was able to see (and hear) through the door to his office. It could well be the case that Monday engaged in such activity to simply gratify himself, but that is an inference for the jury to draw. For instance, on one occasion while enjoying a performance on screen he attempted to hide his state of arousal from Plaintiff when she unexpectedly entered his office. This would seem to indicate that Plaintiff's status as a female was beside the point. So, the jury must determine whether Plaintiff was allegedly harassed because of her sex. *See Id.* at 554 ("The point is elementary: the creation of a hostile working environment is actionable under Title VII only when the hostility is to a group (or specific members of a group), such as women, whom the statute protects."). Was Plaintiff exposed to pornography because she is a woman or because she was Monday's subordinate? There is no evidence in the record that men were exposed to the images on Monday's computer, only the women who worked for him or who filled-in for the women working for him. But, there were seldom men around to test this proposition.

The jury also must decide whether Defendant exercised reasonable care to prevent and correct any harassing conduct in the workplace after October 2005. Under the County's Sexual Harassment Policy, Plaintiff could have reported the harassment to her immediate supervisor or to

the Manager of Personnel Services. If the report is made to the immediate supervisor, he/she should notify the Manager of Personnel Services immediately. Sillery testified that Plaintiff did not want Sillery to investigate Monday's viewing pornography. Sillery also testified that Plaintiff told her (Sillery) that Plaintiff had talked to Dunstan about the pornography but that Dunstan never followed up with her (Sillery) about the matter.

Plaintiff first complained to Dunstan about sexual harassment in October 2005. That is clear from both Plaintiff's and Dunstan's depositions. But Dunstan did not go to Sillery with the complaint, as the County's policy required him to do. Rather, he devised his own plan with Plaintiff and Dubbelde. Whether Defendant exercised reasonable care after October 2005 is a question for the jury.

The Court does find as a matter of law, however, that before October 2005, Plaintiff unreasonably failed to take advantage of opportunities provided by Defendant to prevent or correct any such harassment. Specifically, she failed to complain about *sexual harassment* to either Sillery or Dunstan. In fact, Sillery testified that she specifically asked Plaintiff whether Plaintiff wanted to file a complaint, and Plaintiff declined. Therefore, any damages will be limited accordingly.

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 27) is **GRANTED in part and DENIED in part**, such that Defendant is granted partial judgment on its affirmative defense. Plaintiff's motion for partial summary judgment (Doc. 30) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 08/18/2008

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge